IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge R. Brooke Jackson

Civil Action No 19-cv-02856-RBJ

UNITED STATES OF AMERICA ex rel. WILLIAM CUSICK,

    Plaintiff,

v.

JOHN DAVID KUTZKO,
LINDA WINGATE KUTZKO,
TOBY DAVID LIROT,
CASEY DEE LIROT,
PAGOSA P& C, INC., a Colorado corporation,
TODD HENRY ANTROBUS,
WANDA LUCILLE ANTROBUS,
BRIAN KEITH HICKS,
PAGOSA SPRINGS PHARMACY LLC, a Colorado limited liability company,
NHS PHARMA SALES, INC., a California corporation,
NHS PHARMA, INC., a California corporation,
CHARLES RONALD GREEN, JR.,
MELINDA ELIZABETH GREEN,
DAVID PALMER TENNEY, and
DONALD E. JONES, Jr.

    Defendants.

## ORDER SETTING ASIDE ENTRIES OF DEFAULT

Defendants NHS Pharma Sales, Inc., NHS Pharma, Inc., Charles Ronald Green, Jr., and Melinda Elizabeth Green move to set aside the Clerk's entries of default. Having reviewed the motion, response and reply, the Court now grants the motion.

1

## BACKGROUND

William Cusick, a pharmacist, filed this *qui tam* action on October 4, 2019, pursuant to the False Claim Act, 31 U.S.C. § 3729, *et seq*. He alleges that defendants engaged in fraudulent schemes to overcharge Medicare, Tricare, Medicaid, and other government health care programs for prescription drugs. Little happened in the case for approximately 21 months while the government was determining whether to intervene. The government ultimately elected not to intervene on June 30, 2021. ECF No. 23.

Plaintiff filed an amended complaint on September 28, 2021. Copies of the amended complaint and summons were served on the Greens at their residence in Windermere, Florida on November 4, 2021. ECF Nos. 35-1 and 35-2. Their responsive pleading was due on Friday, November 26, 2021. *See* ECF No. 35 at 2, ¶3. When a responsive pleading was not filed, plaintiff filed motion for entry of default on Monday, November 29, 2021. *Id.* The Clerk entered default against the Greens on December 2, 2021. ECF No. 38.

The amended complaint and summons were served on the Greens' companies NHS Pharma Sales, Inc. and NHS Pharma, Inc. on November 17, 2021 by service on a David Palmer Tenney in Temecula, California. ECF Nos. 40-1 and 40-2. Their responsive pleadings were due on Wednesday, December 8, 2021. *See* ECF No. 40 at 2, ¶2. When responsive pleadings were not filed, plaintiff filed a motion for entry of default on Friday, December 10, 2021. ECF No. 40. The Clerk entered default against NHS Pharma Sales, Inc. and NHS Pharma, Inc. on Monday, December 13, 2021. ECF No. 48.

Defendants' Story

On January 10, 2022 counsel Derrelle M. Janey entered an appearance on behalf of the Greens and their companies. ECF No. 62. On January 18, 2022 the Greens and their companies, represented by Mr. Janey, filed the pending motion to set aside the entry of default and a declaration of Mr. Janey in support of the motion. ECF Nos. 65 and 66 (the documents have portions redacted, but the complete versions are found at ECF No. 68 and have been granted restricted access).

It is difficult to describe the facts provided by Mr. Janey fully without revealing information that defendants have redacted in the public versions of the motion and declaration. The gist of it, however, is that Mr. Janey has been representing the Greens in connection with both criminal and civil matters since at least May 2021. He has been in continual contact with Justice Department counsel concerning possible resolution of potential civil claims during that period of time. Therefore, he was confused when he learned that the Greens had been served with process, because the allegations in the present case are precisely the types of claims that he was trying to settle all along on behalf of his clients.

Mr. Janey contacted Mr. Cusick's attorney on November 10, 2021 and explained his representation of the Greens and their companies. He told plaintiff's counsel that he would follow up with the Justice Department lawyers to clarify the situation. Plaintiff's counsel did not tell him that that government had decided not to intervene in the present case. Plaintiff's counsel did not notify Mr. Janey when the Greens' companies were served in California on November 17, 2021. Plaintiff's counsel did not notify Mr. Janey that plaintiff was moving for defaults. Mr.

Janey states that he did not become aware of his clients' defaults until December 24, 2021. He asked plaintiff's counsel to stipulate to set aside the entries of default, but counsel refused.

On January 14, 2022 Mr. Janey participated in a joint phone call with various Assistant United States Attorneys, hoping to clarify the situation and mitigate the need for the present action. During that conference call Mr. Janey learned that the government had elected not to intervene in the present case. He then filed the pending motion to set the defaults aside.

Plaintiff's Story

Plaintiff filed an opposition to the motion to set aside the defaults, supported by the declaration of plaintiff's counsel Michael Porter and other materials. ECF Nos. 72 and 72-1 through 72-5. Plaintiff notes that the Greens were properly served on November 4, 2021. When Mr. Janey contacted Mr. Porter on November 10, 2021, Mr. Janey acknowledged that the Greens had been served, implicitly acknowledging as well that Mr. Janey had received copies of the papers by then. But no responsive pleadings were filed. Similarly, the two Green companies were properly served by service on their registered agent. Again, no responsive pleadings were filed. The fact that the defendants were in ongoing settlement discussions with the government that might lead to resolution of the claims in this case is not a good reason for failing to obtain an extension of time to respond to the summons and complaint. The government's election not to intervene in the present case "did not come up" during Mr. Porter's conversation with Mr. Janey on November 10, 2021. ECF No. 72 at 5. Likewise, the fact that plaintiff was attempting to serve the companies through their registered agent "never came up." *Id.*

There was no stipulation to deviate from Rule 4. Mr. Janey did not request that the companied be served through him. There is no good excuse to set aside the default.

4

Furthermore, the defendants have not shown that they have a meritorious defense to this action. All they have provided is a bald assertion by counsel that he does have a meritorious defense.

## FINDINGS AND CONCLUSIONS

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). I have previously listed the principal factors that courts consider in determining whether a defendant has met the good cause standard: "'(1) whether the default was the result of culpable conduct of the defendant; (2) whether the plaintiff would be prejudiced if the default should be set aside; and (3) whether the defendant presented a meritorious defense.'" *Brink v. Bank of America, N.A.,* No. 19-cv-03441-RBJ, 2020 WL 2769761, at *4 (D. Colo. May 28, 2020) (quoting *Hunt v. Ford Motor Co.,* No. 94-3054, 1995 WL 52646, at *3 (10th Cir. 1995) (unpublished)).

I find absolutely no indication that the default was the result of culpable conduct by the defendants. They notified their lawyer when they were served. The lawyer in turn contacted and discussed the situation with lawyers for the plaintiff and the Justice Department. Defendants' lawyer should have been more careful to be sure that a timely answer or other response was filed. However, he was trying to find out what was happening in the context of the settlement discussions he had been having with the Justice Department lawyers. I doubt that it even occurred to him that plaintiff's counsel would file motions for entry of default without notifying him. At most, this was excusable neglect on the part of defense counsel.

I find that the plaintiff will suffer no unfair prejudice from having the default set aside. The lawsuit languished for more than one and one-half years while the government was trying to decide whether to intervene. When the suit finally came back to life, and the defendants were

served, plaintiff's counsel filed a motion to hold the Greens in default the business day after their responsive pleading was due.  He filed a motion to hold their companies in default two days after their responsive pleading was due.  Setting aside those defaults will not cause undue delay or deprive the plaintiff of evidence he otherwise would have.  The only "prejudice" is that the plaintiff will actually have to prove his case.

Whether the defendants will ultimately prove to have a successful defense to the claims is not something that the Court can or should decide on a motion to set aside a default.  Defense counsel believes that defendants have meritorious defenses.  Importantly, he believed that there was a reasonable prospect of a settlement that could have made this action unnecessary.

In sum, the Court finds that there are good and sufficient reasons to set aside the defaults.  Plaintiff has not presented any reasonable argument to the contrary.  In this Court's view, the motions for entry of default should not have been filed by plaintiff's attorney without notice to defendants' counsel.  There should have been a stipulation to set aside the defaults in the circumstances.

## ORDER

Defendants' Melinda Green, Charles Green, Jr., NHS Pharma Sales, Inc., and NHS Pharma, Inc.'s motion to set aside entries of default, ECF No. 65, is GRANTED.  The defaults entered by the Clerk at ECF Nos. 38 and 48 are vacated.  Defendant are granted 21 days from the entry of this order to answer or otherwise respond to the amended complaint.

DATED this 15th day of March, 2022.

BY THE COURT:

_____

R. Brooke Jackson
Senior United States District Judge

7