IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.    1:19-cv-02856-RBJ

**UNITED STATES OF AMERICA,
ex rel. WILLIAM CUSICK,**
Plaintiff,

v.

**JOHN DAVID KUTZKO,
LINDA WINGATE KUTZKO,
TOBY DAVID LIROT,
CASEY DEE LIROT,
PAGOSA P& C, INC., a Colorado corporation,
TODD HENRY ANTROBUS,
WANDA LUCILLE ANTROBUS,
BRIAN KEITH HICKS,
PAGOSA SPRINGS PHARMACY LLC, a Colorado limited liability company,
NHS PHARMA SALES, INC., a California corporation,
NHS PHARMA, INC., a California corporation,
CHARLES RONALD GREEN, JR.,
MELINDA ELIZABETH GREEN,
DAVID PALMER TENNEY, and
DONALD E. JONES, Jr.**
Defendants.

---

### DECLARATION OF WILLIAM CUSICK RE: DAMAGES ATTRIBUTABLE TO DEFENDANT PAGOSA P&C INC.

---

Pursuant to 28 U.S.C. § 1746, I, William Cusick, hereby declare as follows:

#### Qualifications:

1. My name is William Jerrod Cusick, Pharm.D. My curriculum vitae is attached to this declaration. I received my Doctor of Pharmacy Degree in 2014 from Harding University College of Pharmacy. I have worked as a Clinical Pharmacist since May of 2014 to the present. Since March of 2016 my work experience has included working as the Oncology Clinical Pharmacist for Mercy Regional Medical Center in Durango, CO.

2. Prior to entering Harding University I attended Sam Houston State University where I earned a Bachelor of Business Administration in Management. Following graduation I

worked in business as a Divisional Sales Manager for American Greeting Corporation and a District Manager for Dollar General Corporation. These jobs required me to have complete operational accountability for over 100 different retail locations, including developing and implementing all budget and sales plans, which required constant review and analysis of complex records and accounting. This required extensive P&L review and extrapolation of data for evaluating business trends, analyzing performance and forecasting for the future. I also had approximately 400 W-2 employees under my supervision during my years working as the District Manager for Dollar General Corporation. I developed specialized knowledge regarding the standards that apply to a W-2 employee.

3. Since July of 2017 I have also owned and operated my own pharmacy, the Bayfield Pharmacy in Bayfield, CO. At the Bayfield Pharmacy, at any given time I have seven W-2 employees and work frequently with independent contractors, including one temporary pharmacist. I believe I have a strong expertise in understanding the difference between a bonafide employee and an independent contractor, including the measure of supervision and control that is required.

4. As a result of my work experience as a pharmacist, as an investor, as the owner and operator of the Bayfield Pharmacy, and as the District Manager for Dollar General Corporation and the Divisional Sales Manager for American Greetings Corporation, I am an expert regarding the record and bookkeeping requirements and responsibilities of owning and operating a pharmacy in Colorado, and how to interpret the books and records of a pharmacy.

5. In addition, I have special knowledge regarding the Defendants' operation, the Pagosa Specialty Pharmacy. I worked at the Pagosa Specialty Pharmacy part-time from August 2016 to June 2017. During the course of the time I worked at the Pagosa Specialty Pharmacy, I witnessed first-hand the Defendants' illegal operations, was told by several Defendants and their employees about the Defendants' illegal operations, and was also approached, and initially explored participating in one of the Defendants' illegal operations.

6. Furthermore, I acquired the Bayfield Pharmacy from one of the Defendants, Toby Lirot. Mr. Lirot transferred custody to me of a collection of documents that evidence the Defendants' illegal operations. This collection of documents was on one of the computers Mr. Lirot transferred to me as part of the acquisition of Bayfield Pharmacy. I have spent in excess of 100 hours studying these documents.

**Pagosa P&C has caused substantial damage to government healthcare programs:**

7. My understanding is that the allegations of the Amended Complaint now have been admitted by Pagosa P&C Inc. With reference to ¶¶ 131-141 of the Amended Complaint,

2

Fed.R.Civ.P. Rule 55(b)(2) Motion for Entry of Default Judgment
Against Defendant Pagosa P&C, Inc.

Pagosa P&C Inc. was responsible for the operation of the Pagosa Specialty Pharmacy for calendar year 2016.

8. My knowledge of the Defendants' illegal marketing schemes evidences that in general 50% to 70% of the net profit earned from marketed prescriptions was paid to the marketers. And, in general, 50% of the marketed prescriptions were for beneficiaries of government healthcare programs.

9. At times, the documents left in my custody by Toby Lirot, and/or documents the Defendants have produced, provide profit and loss statements that evidence how much the Defendants paid marketers. For example, a January through March 2016 P&L evidences that during that time period Pagosa Specialty Pharmacy paid marketers $61,676.17. The April- June P&L evidences $60,284.99 was paid to marketers. And the September 2016 P&L, Pagosa 000282, evidences that $85,770.47 was paid marketers. Furthermore, the available but incomplete Pagosa Specialty Pharmacy records evidence $203,372.00 was paid to NHS during 2016. Based on this evidence, a reasonable approximation of the damage to the government healthcare programs for 2016 is $20,000 per month and $240,000 per year for 2016.

10. Accordingly, as Pagosa P&C Inc. was responsible for the operation of the Pagosa Specialty Pharmacy for calendar year 2016, the amount of damages that should be awarded against Pagosa P&C Inc. is $240,000.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 22 day of June, 2023.

William Jerrod Cusick

3

Fed.R.Civ.P. Rule 55(b)(2) Motion for Entry of Default Judgment
Against Defendant Pagosa P&C, Inc.